IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AVIVA USA CORPORATION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>PHYLLIS R. STEVENS AND MARLA R. STEVENS,<br><br>　　　Defendants | Case No. 4:09-cv-00388-JEG<br><br>BRIEF IN SUPPORT OF RESISTANCE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT MARLA R. STEVENS |

COMES NOW, Defendant Marla R. Stevens by and through her attorney Michael J. Burdette, and hereby files this Brief in Support of her Resistance to Plaintiff's Motion to Compel Deposition of Defendant Marla R. Stevens.

## INTRODUCTION

Defendant Marla R. Stevens substantially agrees with the factual and procedural matters set forth in the Introduction of Plaintiff's Brief. Marla Stevens notes that the undersigned, Michael J. Burdette, has filed an Appearance and Answer to the Complaint in this matter and is attorney of record for Marla Stevens in this matter.

## ARGUMENT

"The Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.' The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973) "The privilege is not

1

ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal liability him who gives it. The privilege protects a mere witness as fully as it does one who is also a party defendant." Lefkowitz supra at P.77 (quoting McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924).

"A witness is generally entitled to invoke the 5th Amendment privilege against self-incrimination whenever there is a realistic possibility that his answer to a question can be used in any way to convict him of a crime. It need not be probable that a criminal prosecution will be brought or that the witness's answer will be introduced in a later prosecution; the witness need only show a realistic possibility that his answer will be used against him. Moreover, the 5th Amendment forbids not only the compulsion of testimony that would itself be admissible in a criminal prosecution, but also the compulsion of testimony, whether or not admissible, that may aid in the development of other incriminating evidence that can be used at trial. [Citation omitted]." Pillsbury Company v. Conboy, 459 U.S. 248, 266 N.1, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983). "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Marchetti v. U.S., 390 U.S. 39, 51, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

Clearly Marla Stevens' interests against self-incrimination are real and not trivial or imaginary. As of the writing of this Brief, it is this writer's understanding that an indictment has been returned with respect to Phyllis Stevens and potentially Marla Stevens remains at risk of being indicted on some offense arising out of the allegations that Phyllis Stevens has embezzled Plaintiff's funds. Furthermore, it is speculative on the part of the Plaintiff to assert that the topics set forth in paragraph 7 of the Plaintiff's Motion are matters that "cannot be reasonably

construed as inculpatory." Those topics asserted by the Plaintiff clearly include matters relating to the existence of assets and property holdings of Marla Stevens and Phyllis Stevens.

Although it is difficult to ascertain which offenses prosecutors or Grand Juries might consider and return indictments on, based upon the alleged facts in this matter, one might reasonably conclude that Marla Stevens could possibly be charged with the offenses of laundering of money instruments in violation of 18 U.S.C. §1956 and misprision of a felony in violation of 18 U.S.C. §4. The offense of money laundering clearly includes the elements of property involved in a financial transaction, the proceeds of property arising from some form of unlawful activity, and the disposition of the property or the proceeds. Clearly those elements may be impacted by the existence of property and the location of that property which are topics that the Plaintiff asserts that it wishes to question Marla Stevens on at her deposition. Misprision of a felony involves the concealment and failure to advise law enforcement authorities of the Defendant's knowledge of the commission of a felony. Certainly the location of property and assets with which the Plaintiff wishes to depose Marls Stevens could implicate her with respect to the elements of a misprision of a felony.

In addition to the Fifth Amendment privilege that may be invoked by Marla Stevens, Defendant Marla Stevens anticipates that she may in response to certain questions posed to her at her deposition, may invoke the spousal privilege permitted by Iowa Code §622.9 (2009) which states: "Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married, nor shall they, after the marriage relation ceases, be permitted to reveal in testimony any such communication made while the marriage subsisted." In Trammel v. U.S., 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) the Supreme Court recognized that the spousal privilege exists and has been codified pursuant to Federal Rule of

3

Civil Procedure 501 and although modifying the privilege stated "Accordingly, we conclude that the existing rule should be modified so that the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." 100 S.Ct. at 913.

Marla Stevens and Phyllis Stevens were married pursuant to civil ceremony in Canada on July 26, 2003. In Varnum v. Brien, 763 N.W. 2d 862 (Iowa 2009) the Iowa Supreme Court held that Iowa Code §595.2 limiting marriage between a male and a female to be valid was unconstitutional. Therefore, the marriage between two women has been recognized as a valid marriage in the State of Iowa and logically the provisions of Iowa Code §622.9 would extend to the spousal communications between Marla Stevens and Phyllis Stevens.

"In ascertaining the intent of our legislature, we seek to give statutes a sensible, practical, workable, and logical construction. [Citation omitted] we attempt to find a reasonable construction that 'serve[s] the purpose of the statute and avoid[s] absurd results." [Citation omitted]. Clearly, the manifest intent of our legislature prevails over the literal import of the words used." [Citation omitted] State v. Anderson, 636 N.W. 2d 26, 35 (Iowa 2001). The spousal privilege "….largely exists to promote marital harmony and stability." 626 N.W. 2d at 30. As a married couple, it is reasonable to expect that marital harmony and stability are important to the defendants in this matter, and certainly given the allegations of criminal activity against Phyllis Stevens, the legislature and the courts recognize the need to preserve the spousal privilege in these trying circumstances.

## CONCLUSION

Although Defendant Marla Stevens acknowledges that the Plaintiff has the right to depose Marla Stevens and to pose its questions to her, clearly the case law and statutory law

recognizes Marla Stevens' right to assert her Fifth Amendment privilege as well as her spousal privilege not to reveal communications between her and Phyllis Stevens. It would be speculative on the part of the court to anticipate the questions to be posed to Marla Stevens by the Plaintiff and to predetermine a ruling with respect to whether Marla may assert the respective privileges available to her in this matter. Therefore, Defendant Marla Stevens urges this court to order that her deposition be scheduled for a time and place mutually acceptable to the parties, and further that the court reserve any rulings with respect to the propriety of the assertion of her privileges under the Fifth Amendment and spousal communication until the deposition questions have been posed to her and she determines whether to invoke a privilege with respect to the deposition questions.

Respectfully submitted,

/s/ Michael J. Burdette
Michael J. Burdette       AT0001292
BURDETTE LAW FIRM, P.C.
2190 NW 82nd Street, Suite A
Clive, IA 50325
Telephone: (515) 251-7777
Facsimile: (515) 251-6362
E-mail: mburdette@mburdettelaw.com
ATTORNEY FOR DEFENDANT
MARLA R. STEVENS

Original filed.

Copies to:

Mark E. Weinhardt, msweinhardt@belinlaw.com
David Swinton, dmswinton@belinlaw.com
Holly M. Logan, hmlogan@belinlaw.com
Christopher McDonald, clmcdonald@bleinlaw.com
Belin Law Firm
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989