IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AVIVA USA CORPORATION, | Case No. 4:09-cv-00388-JEG |
| Plaintiff, | |
| v. | PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF DEFENDANT MARLA R. STEVENS |
| PHYLLIS R. STEVENS AND MARLA R. STEVENS, | |
| Defendants. | |

The Plaintiff, Aviva USA Corporation ("Aviva"), by and through undersigned counsel, files this Reply in support of its Motion to Compel the Deposition of Defendant Marla R. Stevens ("Marla").

## INTRODUCTION

Aviva noticed Marla's deposition for October 7, 2009. After Marla announced her intention to invoke the Fifth Amendment in response to every question that did not seek her name or address, Aviva filed its motion to compel her deposition testimony. In a brief in support of its motion, Aviva explained that Marla is entitled to invoke the Fifth Amendment only in response to questions that could be reasonably expected to incriminate her. On October 26, 2009, Marla filed a resistance to Aviva's motion and a brief in support of her resistance (the "Resistance Brief"). While Marla now acknowledges that she must appear for a deposition, she continues to assert that the Fifth Amendment precludes Aviva from asking any substantive questions. She also asserts that she can invoke the spousal privilege to refuse to answer questions relating to Defendant Phyllis R. Stevens ("Phyllis"). Because neither the Fifth

Amendment nor the spousal privilege prevents Aviva from conducting a substantive deposition of Marla, Aviva requests that the Court grant its motion to compel.

## ARGUMENT

### I. MARLA FAILS TO MAKE COGNIZABLE FIFTH AMENDMENT OBJECTIONS.

As Aviva explained in its brief in support of the motion, a person invoking the Fifth Amendment privilege against self-incrimination cannot "claim the privilege as a blanket defense," but instead must "make specific objections." *In re Grand Jury Subpoena*, 739 F.2d 1354, 1359 (8th Cir. 1984). Marla's Resistance Brief fails to carry this standard. Without explanation, Marla asserts that a grand jury might consider an indictment charging money laundering or misprision of a felony. Resistance Br. at 3. From this, she draws the conclusion that questions relating to the "existence of property" and the "location of that property" should be off-limits. Nowhere, however, does she address, much less rebut, the case law cited at pages 4-6 of Aviva's opening brief establishing that testimony may only be refused when it could reasonably furnish a link in the chain of incrimination. Nor does she explain how revealing the location and quality of assets held by her or Phyllis could reasonably be part of such a chain. Instead, her attorney asserts that it is his "understanding" that "Marla Stevens remains at risk of being indicted on some offense arising out of the allegations that Phyllis Stevens has embezzled [Aviva's] funds." Resistance Br. at 2. Plainly, this is not enough. Aviva seeks information concerning the whereabouts of assets that the defendants may attempt to dissipate during the pendency of this litigation. As there is nothing inherently incriminating about revealing one's assets, Marla's invocation of the Fifth Amendment falls short.

- 3 -

Marla also contends that the Court should not, in ruling on the pending motion, address the scope of her Fifth Amendment rights. Thus she says that it would be "speculative on the part of the court [sic] to anticipate the questions to be posed to Marla Stevens." Resistance Br. at 5. Marla apparently wants the Court to reserve ruling on the scope of her self-incrimination right until after her deposition. Such an exercise delays the inevitable and represents the ultimate triumph of form over function. At oral argument, Aviva will be prepared with a list of questions to be asked at the deposition. For instance, Aviva will ask Marla to identify the location and nature of real estate in which she or Phyllis hold any interest. Aviva can identify no reason why the Court could not rule on the propriety of such questions in resolving the instant motion.

## II.   MARLA CANNOT ESCAPE HER DUTY TO TESTIFY BY INVOKING THE SPOUSAL PRIVILEGE.

In her Resistance Brief, Marla also asserts that "she may in response to certain questions posed to her at her deposition . . . invoke the spousal privilege permitted by Iowa Code § 622.9." Resistance Br. at 3. At least with respect to Aviva's claim pursuant to the Computer Fraud and Abuse Act, however, the federal common law of privilege, not Iowa Code § 622.9, governs.

As a preliminary matter, a witness asserting a privilege has the obligation of proving facts that entitle her to the privilege. Here, therefore, Marla bears the "[t]he burden of showing the existence of . . . a valid marriage." *In re Witness Before Grand Jury*, 791 F.2d 234, 237 (2d Cir. 1986). Marla asserts in her Resistance Brief that she and Phyllis were married pursuant to a civil ceremony in Canada on July 26, 2003. No evidence is provided in support of this assertion, nor does Marla demonstrate that same-sex marriages were recognized in the Canadian province where the marriage occurred on the date of the ceremony. Aviva's research reveals that Canadian jurisdictions were divided on the legality of same-sex marriage prior to passage of the

Civil Marriage Act in 2005. Thus, on the record before the Court, Marla has not satisfied her burden.

Even if Marla demonstrates that her marriage was legally valid in Canada, the spousal privilege remains unavailable. Questions of privilege in federal courts are determined in the first instance by a federal rule, Fed. R. Evid. 501. As federal law does not recognize same-sex marriages, it would be incongruous for Rule 501 to extend to such cases. *See* 1 U.S.C. § 7 ("In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife.").

The fact that Iowa has by judicial decision recognized same-sex marriage does not change this analysis at all. This is a case pending in federal, not state, court, and it is governed by federal rules. Moreover, even if a federal court were to look to state law on a spousal privilege question, Iowa is not the state whose law matters. It is the law of the state of the marital domicile—not the law of the forum state—that controls. *See United States v. McElrath*, 377 F.2d 508, 510 (6th Cir. 1967) (applying the law of the domicile state to determine whether the validity of a purported common law marriage); *United States v. Panetta*, 436 F. Supp. 114, 125 (E.D. Pa. 1977) ("[The] question of who is a spouse depends on the law of the domiciliary."), *affirmed* 568 F.2d 771 (3d Cir. 1978) (Table). While Aviva is uncertain what state qualifies as the marital domicile here, it seems clear that it is not Iowa: Marla has denied to this Court that she is even a part-time resident of Polk County. *See* Answer ¶ 3 (clerk's #21).

Since Marla does not claim that the marital domicile is a state that would recognize her and Phyllis as married, the spousal privilege cannot apply.

## CONCLUSION

For the reasons set forth above, in the motion to compel, and in its opening brief, Aviva respectfully requests that the Court grant its motion.

BELIN McCORMICK, P.C.

By _/s/ Mark E. Weinhardt_

| | |
|---|---|
| Mark E. Weinhardt | AT0008280 |
| David Swinton | AT0007749 |
| Holly M. Logan | AT0004710 |
| Christopher McDonald | AT0005075 |

666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989
Telephone: (515) 283-4610
Facsimile: (515) 558-0610
meweinhardt@belinmccormick.com
dmswinton@belinmccormick.com
hmlogan@belinmccormick.com
clmcdonald@belinmccormick.com

ATTORNEYS FOR PLAINTIFF

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed below on _Oct. 28_, 2009 by

- [x] U.S. Mail
- [ ] FAX
- [ ] Hand Delivered
- [ ] Electronic Mail
- [ ] FedEx/ Overnight Carrier
- [x] CM / ECF

Michael J. Burdette
2190 NW 82nd Street, Suite A
Clive, IA 50325

Signature: _/s/ Drake_

c:\windows\temp\wdgx\b98\open\0001\00590926.doc